VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-333



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

| | |
|---|---|
| Joseph Chapman* v. Department of Labor (Dana & Cheryl Markey) | } APPEALED FROM:<br>}<br>} Employment Security Board<br>} CASE NO. 05-23-058-01 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals an order of the Employment Security Board concluding that he left his prior employment voluntarily without good cause attributable to his employer.  We affirm.

Claimant worked as a server at employer's restaurant.  On January 15, 2023, claimant sent a notice of resignation to employer by text message, indicating that he was giving his notice.  Employer accepted the notice, effective immediately.  Claimant applied for unemployment benefits and a claims adjudicator denied the claim, finding that claimant voluntarily separated from employment without good cause attributable to the employer.  An administrative law judge sustained that decision, concluding that claimant was disqualified from benefits, and was required to repay amounts received with a penalty for withholding information regarding his voluntary quit.  Claimant appealed to the Board.  Following a hearing, the Board affirmed, finding that claimant voluntarily quit his job on January 15, 2023, and was therefore disqualified for benefits until he established eligibility by earning additional wages.

On appeal, claimant does not challenge any of the factual findings made by the Board.  He asserts that he filed timely requests for unemployment, he was actively seeking employment, and therefore he was entitled to benefits.

Pursuant to statute, when an individual voluntarily leaves employment without good cause attributable to the employer, the individual is disqualified from benefits until the individual subsequently performs work for an employer and earns wages in excess of six times their weekly benefit.  21 V.S.A. § 1344(a)(2)(A).  Here, it is undisputed that claimant left his employment voluntarily without good cause attributable to his employer.  Claimant's assertion that he was

looking for work during the period he sought benefits does not qualify him for benefits under the statute.  Therefore, the Board properly concluded that claimant was not eligible for benefits.

     Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice